THOS. D. BYRAM ET AL. *v.* M. GRIMES ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—354.]

**Petition to Set Aside Conveyance for Fraud.**

When there is no allegation of fraud on the part of a grantee or of collusion with the grantor to cheat or defraud the creditors of the grantor and the consideration is adequate and actually paid, no question is raised as to whether the grantee was a creditor of the grantor. The remedy of the creditors of the grantor, if they have any, is against the persons receiving the money from the grantor through the grantee.

APPEAL FROM NICHOLAS CIRCUIT COURT.

October 26, 1882.

OPINION BY JUDGE HINES:

This is an action brought by appellees, creditors of T. D. Byram, to set aside, on the ground of preference, a deed made by T. D. Byram to W. A. Byram. The deed recites the consideration paid to be the sum of $4,255 of which $1,900 was paid to T. D. Byram and the remainder to seven creditors of T. D. Byram, whose names are set forth in the deed as well as the amount paid to each. There is no charge of fraud on the part of W. A. Byram nor of collusion

between him and T. D. Byram; there is no charge that the consideration as stated was not paid nor that the amount the creditors mentioned in the deed was not the full value of the land, but upon the contrary, the action proceeds upon the ground that the several amounts recited to have been paid were, in fact, paid by W. A. Byram for T. D. Byram, as the petition alleges that these several payments were preferences under the Act of 1856, and the deed is sought to be set aside upon that ground as well as upon the ground that W. A. Byram was a creditor.   There being no allegation of fraud on the part of W. A. Byram or of collusion with T. D. Byram to cheat or defraud the creditors of T. D. Byram, and no intimation that the consideration was not adequate, no question can arise as to whether W. A. Byram was also a creditor, nor can any question arise as to the effect of the recitals in the deed because it is not necessary to rely upon them as evidence since the petition admits their truth.   So far as W. A. Byram is concerned the case is the same as if W. A. Byram had paid the consideration direct to T. D. Byram and he had paid it to the several creditors of his mentioned in the deed and to whom W. A. Byram made the payments for T. D. Byram.   Appellee's remedy was against the persons to whom these several sums were paid and not against W. A. Byram, who paid a full and valuable consideration for the land.

Judgment *reversed* and cause remanded with directions to dismiss the petition.

Chief Justice Hargis not sitting.

*Hargis & Norvell, for appellants.*

*W. H. Cord, for appellees.*